UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                              *Plaintiff*,<br><br>      -against-<br><br>MICHAEL McSWEENEY in his official capacity as City Clerk of the City of New York,<br><br>                              *Defendant*. | 1:21-cv-2806<br><br>**COMPLAINT** |

**PARTIES**

1.      Plaintiff, John Doe ("Doe"), is a pseudonymous human who resides in the State of New York.

2.      Defendant, Michael McSweeney ("McSweeney"), is the City Clerk of the City of New York.

**JURISDICTION**

3.      This Court has jurisdiction under 28 U.S.C. Section 1331.

4.      Doe's claims arise under the United States Constitution.

**VENUE**

5.      Venue is proper in this District under 28 U.S.C. Section 1391(b)(1).

6.      The City Clerk of the City of New York maintains an office at 141 Worth Street, New York, New York 10013.

**ALLEGATIONS**

7.      McSweeney, in his official capacity as the City Clerk of the City of New York, administers the Marriage Bureau of the City of New York.

1

8. Under Article 3 of the New York Domestic Relations Law, the Marriage Bureau of the City of New York is responsible for issuing and recording marriage licenses in the City of New York and solemnizing civil marriages in the City of New York.

9. Doe wishes to make a proposal of marriage (the "Marriage Proposal") to another human (the "Proposed Spouse," and, together with Doe, the "Proposed Spouses").

10. The Proposed Spouses are adults.

11. The Proposed Spouses are biological parent and child.

12. The Proposed Spouses are unable to procreate together.

13. New York Penal Law Section 255.25 prohibits Doe from marrying the Proposed Spouse.

14. New York Domestic Relations Law Section 5 mandates, in the event that the Proposed Spouses enter into a marriage with one another, their punishment in the form of a fine, and authorizes their imprisonment, and also renders, as a misdemeanor, the knowing and wilful solemnizing of such marriage, and the procurement or aid in the solemnizing of such marriage, and makes such misdemeanor subject to the same punishment as that of the Proposed Spouses (collectively, New York Penal Law Section 255.25 and New York Domestic Relations Law Section 5 are the "Challenged Laws").

15. Doe would sustain emotional harm if he were to make the Marriage Proposal while the Challenged Laws were in effect (the use of the male-gender pronoun, and the use of that pronoun's corresponding common male pseudonym, are for convenience and are not intended to convey Doe's gender).

16. Doe wishes and intends, if the Marriage Proposal were met with an affirmative response, to obtain his marriage license from the Marriage Bureau of the City of New York.

17. No union is more profound than marriage, for it embodies the highest ideals of love, fidelity, devotion, sacrifice, and family.

18. In forming a marital union, two people become something greater than once they were.

19. Decisions concerning marriage are among the most intimate that a human can make.

20. Choices about marriage shape a human's destiny.

21. Marriage fulfills yearnings for security, safe haven, and connection that express the common humanity of humans.

22. Civil marriage is an esteemed institution.

23. The decision of whether to exercise the right to marry (the "Right to Marry") is among life's momentous acts of self-definition.

24. The decision of with whom to exercise the Right to Marry is among life's momentous acts of self-definition.

25. Through the enduring bond of marriage, two persons, whatever relationship they might otherwise have with one another, can find a greater level of expression, intimacy, and spirituality.

26. The Right to Marry dignifies humans who wish to define themselves by their commitment to each other.

27. Marriage offers the hope of companionship and understanding, and assurance to the spouses that they will be cared for by the other spouse.

28. Marriage is the basis for an expanding list of governmental rights, benefits, and responsibilities, which include: taxation; inheritance and property rights; rules of intestate succession; spousal privilege in the law of evidence; hospital access; medical–decision-making authority; adoption rights; the rights and benefits of survivors; birth and death certificates; professional-ethics rules;

3

campaign-finance restrictions; workers'-compensation benefits; health insurance; and child-custody, support, and visitation rules.

29. Valid marriage under state law is also a significant status for over a thousand provisions of federal law.

30. Parent-and-adult-child couples for whom procreation is either virtually or literally impossible ("Parent-And-Adult-Child-Non-Procreationable Couples," or "PAACNP Couples") can aspire to the transcendent purposes of marriage and seek fulfilment in its highest meaning.

31. The right to personal choice regarding marriage is inherent in the concept of individual autonomy.

32. The Right to Marry is one of the vital personal rights essential to the orderly pursuit of happiness by free humans.

33. The liberty that is protected by the Due Process Clause of the Fourteenth Amendment includes the freedom to make certain personal choices that are central to human dignity and autonomy, including intimate choices that define one's identity and beliefs.

34. The Right to Marry is a fundamental inherent in the liberty of humans because it supports a two-person union unlike any other in its importance to the committed humans.

35. The Right to Marry is a fundamental right inherent in the liberty of humans; and, under the Due Process Clause of the Fourteenth Amendment, PAACNP Couples may not be deprived of that right and that liberty.

36. The Right to Marry is a fundamental right inherent in the liberty of humans; and, under the Equal Protection Clause of the Fourteenth Amendment, PAACNP Couples may not be deprived of that right and that liberty.

37. The Challenged Laws Laws violate our basic charter by imposing, upon PAACNP Couples, stigma, injury, disrespect, and subordinate status.

38. It might long have seemed natural and just to exclude PAACNP Couples from marriage, but that exclusion's inconsistency with the central meaning of the fundamental Right to Marry is now manifest.

39. PAACNP Couples seek, in marriage, the same legal treatment as other couples to whom New York State grants the Right to Marry, and it would disparage PAACNP Couples' choices and diminish their humanity to deny them the Right to Marry.

39. The Challenged Laws are invalid to the extent that they deny PAACNP Couples the Right to Marry on the same terms and conditions with which New York State grants other couples the Right to Marry.

## CLAIMS FOR RELIEF

Plaintiff is entitled to the following relief:

(a) a judgment, pursuant to 28 U.S.C. Sections 1983 and 2201(a), declaring that New York Penal Law Section 255.25 is un-Constitutional as applied to Plaintiff;

(b) a judgment, pursuant to 28 U.S.C. Sections 1983 and 2201(a), declaring that New York Domestic Relations Law Section 5 is un-Constitutional as applied to Plaintiff;

(c) an order, pursuant to 28 U.S.C. Section 1983, directing Defendant not to enforce New York Penal Law Section 255.25 against Plaintiff; and

(d) an order, pursuant to 28 U.S.C. Section 1983, directing Defendant not to enforce New York Domestic Relations Law Section 5 against Plaintiff.

[continued on next page]

Dated: April 1, 2021

                                  Respectfully submitted,

                                      *s/ **Todd C. Bank***  
TODD C. BANK,  
  ATTORNEY AT LAW, P.C.  
119-40 Union Turnpike  
Fourth Floor  
Kew Gardens, New York 11415  
(718) 520-7125  
By Todd C. Bank

*Counsel to Plaintiff*