UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                           *Plaintiff*,<br><br>-against-<br><br>MICHAEL McSWEENEY in his official capacity as City Clerk of the City of New York,<br><br>                           *Defendant*. | 1:21-cv-2806 |

## MOTION TO PROCEED PSEUDONYMOUSLY

In *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), the court articulated a non-exhaustive list of ten factors to determine whether to permit a party to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted). *See also Doe v. City of New*

*York*, No. 19-cv-9338, 2021 WL 964818, *2 (S.D.N.Y. Mar. 15, 2021) (noting same).

Each of the factors, except for the fourth one, favors pseudonymity:

**(1)     whether the litigation involves matters that are
highly sensitive and of a personal nature**

Because this case concerns the wish of Plaintiff, John Doe ("Doe"), to engage in an action that a large segment of society views as morally, socially, and biologically repugnant, and because publication of Doe's identity would likely reveal the human with whom Doe wishes to engage in that action, this factor favors pseudonymity, and does so with particular strength.

**(2)     whether identification poses a risk of retaliatory physical
or mental harm to the party seeking to proceed anony-
mously or even more critically, to innocent non-parties**

Because a large segment of society views the action in which Doe seeks to engage, and for which he seeks to have recognized as Constitutionally protected, as morally, socially, and biologically repugnant, and because publication of Doe's identity would likely reveal the human with whom Doe wishes to engage in that action, *i.e.*, a human who is an innocent non-party, this factor favors pseudonymity, and does so with particular strength (the use of the male-gender pronoun, and the use of a common male pseudonym, are for convenience and are not intended to convey Doe's gender).

**(3)     whether identification presents other harms and the likely severity
of those harms, including whether the injury litigated against would
be incurred as a result of the disclosure of plaintiff's identity**

Because a large segment of society views the action in which Doe seeks to engage, and for which he seeks to have recognized as Constitutionally protected, as morally, socially, and biologically repugnant, Doe, and the human with whom Doe wishes to engage in that action, would almost certainly face a significant degree of social ostracization, this factor favors pseudonymity.

**(4)     whether the plaintiff is particularly vulnerable to the possible
harms of disclosure, particularly in light of his age**

Doe does not believe that this factor favors pseudonymity.

**(5)**     **whether the suit is challenging the actions
of the government or that of private parties**

Because this action is challenging the actions of the government, this factor favors pseudonymity. *See Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, *5 (S.D.N.Y. May 12, 2020).

**(6)**     **whether the defendant is prejudiced by allowing the plaintiff
to press his claims anonymously, whether the nature of that
prejudice (if any) differs at any particular stage of the litigation,
and whether any prejudice can be mitigated by the district court**

There is no reason to believe that Defendant would be prejudiced by allowing Doe to proceed pseudonymously. Therefore, this factor favors pseudonymity.

**(7)**     **whether the plaintiff's identity has
thus far been kept confidential**

Because Doe's identity has thus far been kept confidential, this factor favors pseudonymity.

**(8)**     **whether the public's interest in the litigation is furthered
by requiring the plaintiff to disclose his identity**

Although the public has an interest in the issues that this action raises, the satisfaction of that interest does not depend upon the public's knowledge of the identity of the plaintiff. Therefore, this factor favors pseudonymity.

**(9)**     **whether, because of the purely legal nature of the
issues presented or otherwise, there is an atypically
weak public interest in knowing the litigants' identities**

Because the issues that this action raises are primarily legal, there is an atypically weak public interest in knowing Doe's identity. Therefore, this factor favors pseudonymity.

**(10)**     **whether there are any alternative mechanisms
for protecting the confidentiality of the plaintiff**

Because there do not appear to be any alternative mechanisms for protecting the confidentiality of Doe, this factor favors pseudonymity.

## **CONCLUSION**

Plaintiff respectfully requests that this Court permit Plaintiff to proceed pseudonymously, and grant, to Plaintiff, any further relief that is just and proper.

Dated: April 1, 2021

                                          Respectfully submitted,

                                          s/ *Todd C. Bank*
                                          TODD C. BANK,
                                            ATTORNEY AT LAW, P.C.
                                          119-40 Union Turnpike
                                          Fourth Floor
                                          Kew Gardens, New York 11415
                                          (718) 520-7125
                                          By Todd C. Bank

                                          *Counsel to Plaintiff*